Raul ROSALES, Plaintiff-Appellant,

v.

HONDA MOTOR COMPANY, LTD., Defendant-Appellee.

No. 83–2378

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

March 9, 1984.

Weir & Alvarado, Warren Weir, San Antonio, Tex., for plaintiff-appellant.

Jack D. Maroney, Wayne Prescott, Jan Soifer, Austin, Tex., for defendant-appellee.

Before CLARK, Chief Judge, TATE and HIGGINBOTHAM, Circuit Judges.

TATE, Circuit Judge:

■ The question to be decided is whether, in a diversity case, a federal district court is authorized within its discretion under Fed.R.Civ.P. 42(b) to order a bifurcated trial on the issues of liability and damages, despite an alleged state-law policy applicable in state courts that in personal injury cases the issues are so intertwined that such bifurcated trials are impermissible. We hold that this mode of trying a dispute in federal court, specifically authorized by the federal rules of civil procedure, is primarily procedural in nature and that federal procedural law controls.

In this Texas diversity action, which had been removed by the defendant ("Honda") to the federal district court on the ground of diversity, the plaintiff Rosales sues for personal injuries allegedly caused by product defect. Rosales appeals from a take-nothing judgment that resulted from a jury

verdict adverse to him. The single issue raised by the plaintiff Rosales on his appeal concerns the action of the district court, over his objection, in ordering separate trials, as authorized by Fed.R.Civ.P. 42(b),[1] on the issues of liability and damages.[2]

The plaintiff's sole contention of error in this respect is that, as a matter of law, the plaintiff in this Texas diversity case was entitled under Texas substantive law to one indivisible trial, without bifurcation, because a federal court trying a diversity case is required to follow state law in matters of substantive rights. *Erie Railroad Company v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). We affirm, rejecting the plaintiff's contention.

I.

Preliminarily, we note that the federal rule in question has consistently been interpreted as sufficiently broad to permit, under proper circumstances, separate trials of the issues of liability and of damages in personal injury suits. We do not, therefore, reach the issue of whether *Erie* commands the enforcement of an allegedly substantive state rule not within the scope of the federal procedural rule. *Walker v. Armco Steel Corporation,* 446 U.S. 740, 750, 100 S.Ct. 1978, 1985, 64 L.Ed.2d 659 (1980).

Consequently, the analysis in *Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965) applies. *Id. See also* 19 Wright, Miller, and Cooper, Federal Practice and Procedure § 4510 (1982). In *Hanna v. Plumer,* clarifying prior jurisprudence (described in *Walker, supra,* 446 U.S. at 744–49, 100 S.Ct. at 1982–84 and at Wright, Miller, and Cooper, *supra,* § 4508), the Court explained that, when a Federal Rule is clearly applicable, *Erie* does not constitute "the appropriate test of the validity

---

1. Fed.R.Civ.P. 42(b) provides:

   *(b) Separate Trials.* The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh

   Amendment to the Constitution or as given by a statute of the United States.

2. The liability issue was first tried to the jury. The jury found on special interrogatory that the defect of the motorcycle manufactured by the defendant Honda was not a producing cause of the plaintiff Rosales' injuries. Consequently, a take-nothing judgment was entered against him.

and therefore the applicability of a Federal Rule of Civil Procedure." 380 U.S. at 469–70, 85 S.Ct. at 1143.

Instead, *Hanna* pointed out, "the constitutional provision for a federal court system (augmented by the Necessary and Proper Clause) carries with it Congressional power to make rules governing the practice and pleading in those courts," adding that this "includes a power to regulate matters which, though falling within the uncertain area between substance and procedure, are rationally capable of classification as either." 380 U.S. at 472, 85 S.Ct. at 1144. The Court pointed out that: " '[o]ne of the shaping purposes of the Federal Rules is to bring about uniformity in the federal courts ... especially ... of matters which relate to the administration of legal proceedings,' " and that "outcome-determinative" tests as to the validity of a Federal Rule superceding a state rule was not determinative if there were "affirmative countervailing [federal] considerations," such as those represented by the congressionally-authorized federal rule sought to be applied. 380 U.S. at 472–73, 85 S.Ct. at 1145.

The Court stated that the test is whether the Rule in question is within the scope of the Rules Enabling Act, 28 U.S.C. § 2072, and if so, within a constitutional grant of power, concluding:

> To hold that a Federal Rule of Civil Procedure must cease to function whenever it alters the mode of enforcing state-created rights would be to disembowel either the Constitution's grant of power over federal procedure or Congress' attempt to exercise that power in the Enabling Act.

380 U.S. at 473–74, 85 S.Ct. 1145.

## II.

In contending that Texas substantive law permits only a single trial of liability-damages issues, the plaintiff Rosales relies upon the jurisprudential expressions by Texas state courts that "[t]he issues of liability and of damages in cases such as those [personal injury claims] are elements of an indivisible cause of action and may not be tried piecemeal." *Eubanks v. Winn,* 420 S.W.2d 698, 701 (Tex.1967). Perhaps the leading state authority on this issue is *Iley v. Hughes,* 158 Tex. 562, 311 S.W.2d 648 (1958), where in interpreting a Texas rule of civil procedure then identical to Fed.R. Civ.P. 42(b), the Supreme Court of Texas held that, due to considerations "of long standing policy and practice in this state," the procedural rule did not, properly interpreted, "authorize separate trials of liability and damage issues in personal injury litigation." 311 S.W.2d at 651.

Rosales also points out that studies show that, when bifurcated trials are held on liability first and then (only if the plaintiff wins) on damages, the defendant in a personal injury case wins a substantially greater proportion of them than when both issues are submitted at the same time. 9 Wright and Miller, Federal Practice and Procedure, § 2390 (1970).[3] Rosales then argues that, under *Erie* principles, the federal rule concerning resolution "of disputed fact questions should yield to the state rule in the interest of furthering the objective that the litigation should not come out one way in the federal court and another way in the state court." *Byrd v. Blue Ridge Electric Cooperative,* 356 U.S. 525, 536, 78 S.Ct. 893, 901, 2 L.Ed.2d 953 (1958).

Rosales overlooks, however, that *Byrd* mentioned this consideration as only one factor in its determination, which was ultimately outweighed by other factors—actually, in *Byrd* the federal policy was held to outweigh the state's interest in the state rule, 356 U.S. at 538–39, 78 S.Ct. at 901–02; and, more importantly, that *Hanna v. Plumer, supra,* rejected the outcome-determinative test as of significant weight, in favor of its own analysis that a Federal

---

**3.** The treatise notes, *id.,* that because of this, there are jurisprudential expressions that the practice should be sparingly used, as well as academic questioning that a change of such practical consequence is appropriately considered to be a mere procedural change. We have upheld, however, the validity of Rule 42(b) as granting the district court broad discretion to order separate trials under present facts, *see, e.g., Fidelity & Casualty Company v. Mills,* 319 F.2d 63 (5th Cir.1963), and no complaint is here made that the district court abused its discretion in ordering bifurcated trial.

262

Rule of Civil Procedure legislatively and constitutionally authorized is controlling over state rule insofar as trial of diversity cases in federal courts is concerned.

■ The Enabling Act provides that the rules promulgated pursuant to it "shall not abridge, enlarge or modify any substantive right". 28 U.S.C. § 2072. The provision for separate trial of separate issues, including those of liability and damages in personal injury suits, does not under suggested tests implicate primarily substantive, as opposed to procedural rule, either because affecting "'people's conduct at the stage of primary private activity,'" or as concerning "'a right granted for one or more non-procedural reasons, for some purpose or purposes not having to do with the fairness or efficiency of the litigation process.'" 19 Wright, Miller, and Cooper, *supra*, § 4509, at pp. 144-45. Rather, at best,[4] a rule authorizing or prohibiting a bifurcated trial of liability-damage issues falls "within the uncertain area between substance and procedure" and is "rationally capable of classification of either." *Hanna v. Plumer, supra*, 380 U.S. at 472, 85 S.Ct. at 1144.

In such circumstances, *Hanna v. Plumer* teaches, the state's characterization of its own rule as substantive rather than procedural, must nevertheless yield to the strong presumptive validity of the properly promulgated federal procedural rule, which will be upheld as controlling the procedure in the federal court.

The conclusion we have reached is supported by the rationale and holdings of other decisions of this circuit, in which we have upheld other federal rules as applicable to diversity litigation although they were in conflict with state practices. *See, e.g., Product Promotions, Inc. v. Cousteau*, 495 F.2d 483, 489-90 (5th Cir.1974); *Welch v. Louisiana Power & Light Company*, 466 F.2d 1344, 1345 (5th Cir.1972); *Bryan v. Kershaw*, 366 F.2d 497, 503-504 (5th Cir.), *cert. denied*, 386 U.S. 959, 87 S.Ct. 1030, 18 L.Ed.2d 108 (1966); *Lumbermen's Mutual*

*Casualty Co. v. Wright*, 322 F.2d 759, 764 (5th Cir.1963).

Moreover, even before *Hanna v. Plumer* substantially repudiated the outcome-determinative test, the Sixth Circuit rejected contentions virtually identical to the present plaintiff's. In a Tennessee diversity case, the Court there upheld the bifurcated trial of liability and damages under Rule 42(b) even though under Tennessee law the personal injury plaintiff had a constitutional right to have all the issues of the suit submitted to the same jury at the same time. *Moss v. Associated Transports, Inc.*, 344 F.2d 23, 26-27 (6th Cir.1965).

*Conclusion*

Accordingly, we reject the plaintiff-appellant's contention that the district court erred in ordering separate trial of liability and damage issues in this Texas diversity case, despite Texas state policy requiring a single nonbifurcated trial of both issues in state judicial proceedings. The judgment of the district court is affirmed.

AFFIRMED.

---

4. Indeed, such a rule could be considered clearly procedural under the test of whether the rule "'clearly regulates procedure,—the judicial process for enforcing rights and duties recognized by substantive law and for justly administering remedy and redress for disregard or infraction of them.'" *Hanna v. Plumer, supra*, 380 U.S. at 464, 85 S.Ct. at 1140 (quoting *Sibbach v. Wilson & Co.*, 312 U.S. 1, 14, 61 S.Ct. 422, 426, 85 L.Ed. 479 (1941)).