**KIMBERLY–CLARK CORPORATION, Plaintiff,**

v.

**JAMES RIVER CORPORATION OF VIRGINIA, et al., Defendants.**

**Civ. A. No. 1:89–CV–1006–JOF.**

United States District Court, N.D. Georgia, Atlanta Division.

Dec. 15, 1989.

**608**

William N. Withrow, Jr., Norman Lee Underwood, Troutman, Sanders, Lockerman & Ashmore, Atlanta, Ga., H. Blair White, Walter C. Carlson, Sidley & Austin, Henry L. Brinks, John R. Crossan, Jeffery M. Duncan, Willian, Brinks, Olds, Hofer, Gilson & Lione, Chicago, Ill., for plaintiffs.

Thomas Willard Rhodes, Edward H. Wasmuth, Jr., Smith, Gambrell & Russell, Atlanta, Ga., Brian G. Brunsvold, Finnegan Henderson Farabow Garrett & Dunner, Washington, D.C., Joseph Robert Brame, III, McGuire, Woods, Battle & Boothe, Richmond, Va., for defendants.

## ORDER

FORRESTER, District Judge.

By the instant motion, defendant James River Corporation of Virginia (hereinafter "James River") seeks an order setting this action for separate trials on the issues of liability and damages. In support of its motion, defendant points out that this is a complex patent case where resolution of infringement, validity and enforceability issues during the liability stage often disposes of the entire case, making discovery and trial on damages unnecessary. Thus, defendant argues that "discovery and trial of this case would be expedited, economy would be fostered, and the convenience of the parties and the court would be furthered by eliminating the need for the parties, during the liability phase, to prepare and present potentially unnecessary evidence on damages which would, in turn, require potentially needless evaluation by the court." Memorandum in Support of Motion to Separate, at p. 2. While plaintiff agrees that the damages issue should be separated from the liability issue, plaintiff argues that the "[w]illfulness issues are so interwoven with and so greatly overlap the other liability issues that they should be discovered and tried with them, not with the damages and accounting issues." Plaintiff's Memorandum in Partial Opposition, at p. 4.

## I. THE BIFURCATION STANDARD

■ The instant motion is brought pursuant to Rule 42(b) which provides in relevant part:

> The court, in furtherance of convenience, to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, ... or of any number of claims, ... or of any separate issue ... or issues....

Fed.R.Civ.P. 42(b). The decision whether to bifurcate, or to sever and try issues separately, pursuant to Rule 42(b) is one committed to the sound discretion of the district court. *Beauchamp v. Russell*, 547 F.Supp. 1191, 1199 (N.D.Ga.1982) (Freeman, J.). In considering such a course, the court should remain mindful of the traditional rule of the factfinder; i.e., to make an ultimate determination on the basis of a case presented in its entirety. Because bifurcation works an infringement on such an important aspect of the judicial process, courts are "cautioned that [it] is not the usual course that should be followed." *Response to Carolina, Inc. v. Leasco Response, Inc.*, 537 F.2d 1307, 1323–24 (5th Cir.1976) (quoting *Swofford v. B & W, Inc.*, 336 F.2d 406, 415 (5th Cir.1964)). *See also* Fed.R.Civ.P. 42(b), Advisory Committee Notes (bifurcation should not be routinely ordered).

■ In addition to the more general factors set forth in Rule 42(b); i.e., (1) convenience; (2) prejudice; (3) expedition; and (4) economy; a court reviewing a motion for separate trials may properly consider (5) whether the issues sought to be tried separately are significantly different; (6) whether they are triable by jury or the court; (7) whether discovery has been di-

rected to a single trial of all issues; (8) whether the evidence required for each issue is substantially different; (9) whether one party would gain some unfair advantage from separate trials; (10) whether a single trial of all issues would create the potential for jury bias or confusion; and (11) whether bifurcation would enhance or reduce the possibility of a pretrial settlement. *See Martin v. Bell Helicopter Co.*, 85 F.R.D. 654, 658 (D.Col.1980); *Gonzalez-Martin v. The Equitable Life Assurance Society*, 845 F.2d 1140, 1145 (1st Cir.1988). While these factors may aid the court in its ultimate decision, the paramount consideration must remain a fair and impartial trial to all litigants through a balance of benefit and prejudice. *Beauchamp*, 547 F.Supp. at 1199; *Martin*, 85 F.R.D. at 658.

For the foregoing reasons, defendant's motion to bifurcate is GRANTED as to damages and accounting issues but DENIED as to willfulness issues. This court agrees that the liability issues in this complex patent infringement case are separate and distinct from damages issues. However, the willfulness determination, i.e., the defendant's state of mind when it infringed the patent, is a finding of fact inextricably bound to the facts underlying the alleged infringement. *See Smith v. Alyeska Pipeline Service Co.*, 538 F.Supp. 977, 986 (D.Del.1982). Defendant's motion to separate the willfulness determination from the liability phase of the trial is, therefore, DENIED.

## II. CONCLUSION

In sum, defendant's motion to bifurcate is GRANTED as to damages and accounting issues, and DENIED as to willfulness issues.

SO ORDERED.