**KEYES FIBRE COMPANY, Plaintiff,**

v.

**PACKAGING CORPORATION OF AMERICA, Defendant.**

**No. 90 C 5375.**

United States District Court,
N.D. Illinois, E.D.

May 6, 1991.

William D. Heinz, Jeralyn H. Dybas, Jenner & Block, Chicago, Ill., John D. Fairchild, Robert G. McMorrow, Jr., Connolly, Bove, Lodge & Hutz, Wilmington, Del., for plaintiff.

George Bullwinkel, Eric F. Greenberg, Bullwinkel Partners, Ltd., Chicago, Ill., for defendant.

### ORDER

BUA, District Judge.

This patent infringement case pits Keyes Fibre Company ("Keyes") against Packaging Corporation of America ("PCA").

Keyes accuses PCA of willfully infringing upon its patent for a particular type of polymer-coated food container.

In defense of the accusation of willful infringement, PCA may attempt to show that its business decisions were made in reliance on the advice of competent legal counsel.[1] Keyes, in anticipation of such a defense, seeks an order compelling PCA to produce all relevant material concerning the legal advice given to PCA. In the event that PCA refuses to waive the attorney-client privilege, Keyes demands assurances from PCA that it will not attempt to introduce evidence of its good faith reliance on the advice of counsel.

In response to Keyes' motion to compel discovery, PCA contends that the information sought by Keyes is relevant only to the issue of damages and that it should not be discoverable unless Keyes prevails at trial on the issue of liability. PCA urges the court to conduct separate trials on the issues of liability and damages.

■ The separation of issues for trial is governed by Rule 42(b) of the Federal Rules of Civil Procedure.[2] In determining whether to try issues separately pursuant to Rule 42, the district court is vested with discretion. *Kimberly–Clark Corp. v. James River Corp.*, 131 F.R.D. 607, 608 (N.D.Ga.1989); *Brad Ragan, Inc. v. Shrader's Inc.*, 89 F.R.D. 548, 550 (S.D. Ohio 1981). Notwithstanding this discretion, a court should not routinely order separate trials. Fed.R.Civ.P. 42 (advisory committee notes). While it may be appropriate to hold separate trials in certain cases, "separation of issues is not the usual course that should be followed." *Response of Carolina, Inc. v. Leasco Response, Inc.*, 537 F.2d 1307, 1323–24 (5th Cir.1976); *see also Kimberly–Clark*, 131 F.R.D. at 608.

■ Rule 42 specifies the factors to be weighed when considering whether or not to bifurcate a trial. A court may order separate trials "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." Fed.R.Civ.P. 42(b). At this time, the court sees no reason to bifurcate the proceedings; separate trials would not promote the interests expressed in Rule 42.

Rather than promoting convenience and expedition, separate trials would impose needless duplication of effort. Certain evidence is relevant to both liability and damages. For example, the question of whether the alleged infringement was willful touches upon liability and damages. The evidence relating to PCA's state of mind when it committed the infringement, which is clearly relevant to damages,[3] cannot be neatly separated from the underlying liability issue of whether the patent was infringed upon in the first place. *Kimberly–Clark Corp.*, 131 F.R.D. at 609 (willfulness issue not separate and distinct from question of liability; to the contrary, it is "inextricably bound to the facts underlying the alleged infringement"). Considering the overlap between the facts necessary to establish liability and damages, it certainly would not be more convenient or economical for the court to conduct separate trials.

1. An allegation of willfulness presupposes that the infringing party had knowledge of the plaintiff's patent rights. Generally, when a party learns of the existence of a patent, that party must obtain the advice of competent legal counsel before undertaking any action that may constitute infringement. *Ryco, Inc. v. Ag–Bag Corp.*, 857 F.2d 1418, 1428 (Fed.Cir.1988); *Rolls–Royce Ltd. v. GTE Valeron Corp.*, 800 F.2d 1101, 1109 (Fed.Cir.1986). The failure to seek legal advice is a factor that supports a finding of willful infringement. *Ryco*, 857 F.2d at 1428. Conversely, a party's reliance on the advice of counsel is a factor that militates against a finding of willfulness.

2. Rule 42(b) provides:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States. Fed.R.Civ.P. 42(b).

3. A finding of willfulness is relevant to damages insofar as it may entitle the prevailing party to treble damages. 35 U.S.C. § 284; *Ryco*, 857 F.2d at 1429.

A single trial would relieve the parties of having to bring the same witnesses back into court a second time to elicit the same testimony.

As Keyes points out, the damage issue is not so complex as to warrant a severance of issues. Counsel for both sides have indicated that five days would be a sufficient amount of time to try all of the issues, including damages. Keyes states that a calculation of damages will be relatively straightforward, given PCA's limited commercial sales of the product at issue. The court has no reason to doubt Keyes' assessment of the extent of damages; after all, Keyes is the aggrieved party.

It is true, as PCA contends, that a judgment in favor of PCA would obviate the need for discovery on the issue of damages. But this argument could be made in any case. The court will not preclude a party from presenting evidence relevant to both liability and damages in the same proceeding merely because that party may not ultimately obtain a favorable judgment. Besides, discovery with respect to damages, Keyes informs the court, is partially completed already.

Finally, there is nothing to suggest that separate trials are necessary to avoid prejudice. Although the term "prejudice" is often used loosely, courts typically speak in terms of prejudice when referring to the impact that certain evidence may have on the jury. *See Organic Chems., Inc. v. Carroll Prods., Inc.*, 86 F.R.D. 468, 469–70 (W.D.Mich.1980). Juries often have difficulty understanding that some evidence may be considered only for a specific limited purpose. In a complex patent case with multiple issues, the jury may experience even greater difficulty when asked to assimilate large amounts of information that is relevant to some issues but not others. Nonetheless, the type of prejudice that stems from jury confusion is not equally present in a bench trial. In light of the fact that this case will be tried by the court sitting without a jury, there is no real threat of prejudice. *Id.*

If this were a large patent case entangled with complicated damage issues, the court would be more inclined to entertain PCA's motion for separate trials. This lawsuit, however, is neither large nor particularly complex. The issues presented may be disposed of expeditiously in a single trial. The admission of evidence relevant to damages will not cloud the main issue of liability or otherwise inject confusion into the trial. The damage issue takes on even less significance in this case because Keyes is primarily concerned with obtaining injunctive relief. In short, the court is not persuaded that this is a suitable case for bifurcation. In this court's view, a single trial will reduce the potential for undue delay, expense, and inconvenience to the court and counsel.

■ The court now turns to Keyes' motion to compel discovery. Concerned that PCA may attempt to show that it should be exonerated from any infringement due to its reliance on the advice of counsel, Keyes asks the court to permit discovery of the relevant communications between PCA and its counsel. PCA does not rule out the possibility that it may defend Keyes' charge of willful infringement by showing that its conduct was in conformity with the advice of counsel. Yet, PCA is not amenable to allowing discovery of material protected by the attorney-client privilege.

Privilege or no privilege, if PCA intends to use such information at trial, Keyes is entitled to full disclosure in order to prepare its case. Keyes has every right to obtain the information relevant to PCA's defense. Of course, PCA cannot be compelled to waive the attorney-client privilege. If, however, PCA chooses to stand behind the privilege and not permit discovery, then PCA cannot introduce the opinions or testimony of counsel to show that it is not guilty of willful infringement. *Gaull v. Wyeth Laboratories, Inc.*, 687 F.Supp. 77, 83 (S.D.N.Y.1988).

For the foregoing reasons, Keyes' motion to compel is granted. PCA must either waive the attorney-client privilege and comply with Keyes' discovery request or assure the court and opposing counsel that it will not pursue a defense based on the information covered by the privilege.

PCA's motion for separate trials on the issues of liability and damages is denied.

IT IS SO ORDERED.