**THK AMERICA, INC., Plaintiff,**

v.

**NIPPON SEIKO K.K. and NSK Corporation, Defendants.**

**No. 90 C 6049.**

United States District Court, N.D. Illinois, E.D.

Aug. 20, 1991.

See also 141 F.R.D. 461.

---

Robert Edward Wagner, James Joseph Jagoda, Alan L. Barry, Wallenstein, Wagner & Hattis, Ltd., Chicago, Ill., Shahan Islam, William F. Westerman, Anderson, Kill, Olick & Oshinsky, P.C., John E. Kidd, Walter G. Marple, Jr., John E. Daniel, Shea & Gould, New York City, James E. Armstrong, III, Armstrong, Nikaido, Marmel-

---

stein, Kubovcik & Murray, Washington, D.C., for THK America, Inc.

Thomas Campbell, Richard William Young, James William Teevans, Gardner, Carton & Douglas, Chicago, Ill., Charles E. Miller, Scott D. Stimpson, Pennie & Edmonds, New York City, for NIPPON SEIKO K.K. and N.S.K. Corp.

## ORDER

ROSEMOND, United States Magistrate Judge.

Before the Court is *Defendants' Motion For Separation Of Issues And Stay Of Discovery.* The motion is denied.

The underlying patent infringement action pits plaintiff THK America, Inc. against defendants NSK Corporation ("NSK") and Nippon Seiko K.K. ("NSK Japan") for allegedly infringing THK's United States Patents Nos. 4,040,679 and 4,253,709, both of which relate to linear guides with re-circulating ball bearings. The case is of recent vintage—with limited liability discovery having occurred, and no damages discovery to date.

Defendants' motion seeks bifurcation of the issues of invalidity, unenforceability and non-infringement from issues relating to damages. Additionally, the motion seeks entry of a stay of discovery on the damages issues until a determination of liability has been made.

In support of their motion, defendants argue as follows. First, they maintain that bifurcation is most appropriate for this case because there has been no damages discovery. Continuing in this vein, they contend that bifurcation of damages and liability at an early date will allow the parties to focus more effectively on trial preparation. Defendants maintain that bi-

furcation of liability and damages issues will expedite the date of the liability trial.

Secondly, defendants argue that bifurcation is appropriate because it will not in any way prejudice the plaintiff. There will be no duplication of evidence. And jury confusion will be eliminated.

Finally, contend defendants, bifurcation may result in the elimination of a damages trial altogether. An adverse decision in the liability trial may encourage the losing party to settle.

Separation of issues for trial is governed by Rule 42(b) of the Federal Rules of Civil Procedure. Rule 42(b) reads as follows:

> **(b) Separate Trials.** The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.[1]

In determining whether to try issues separately, the district court is vested with discretion.[2] Notwithstanding this discretion, a judge should *not routinely* order separate trials.[3] While it may be appropriate to hold separate trials in certain cases, "separation of issues is *not the usual course* that should be followed."[4]

The arguments advanced by the defendants in support of their motion are too general. The arguments are neither tailored to nor specific to this case. If generalities could carry the day, Rule 42 would eviscerate the general rule against separation of issues.

1. 28 U.S.C.A., Rule 42.

2. *Keyes Fibre Co. v. Packaging Corp. of America,* 763 F.Supp. 374, 19 U.S.P.Q.2d 1472, 1473 (N.D.Ill.1991) (Judge Bua).

3. *Keyes Fibre Co.,* 763 F.Supp. 374, 19 U.S.P.Q.2d, at 1473, *citing,* Federal Rule of Civil Procedure 42 (advisory committee notes).

4. *Keyes Fibre Co.,* 763 F.Supp. 374, 19 U.S.P.Q.2d, at 1473, *quoting, Response of Carolina, Inc. v. Leasco Response, Inc.,* 537 F.2d 1307, 1323–24 (5th Cir.1976); and, *citing, Kimberly–Clark Corp. v. James River Corp.,* 131 F.R.D. 607, 608, 14 U.S.P.Q.2d 2070 (N.D.Ga. 1989) (emphasis added).

Under defendants' proposal, discovery would proceed only on the issue of liability followed by a trial on that issue. If the case did not settle at the conclusion of the liability trial, several months might pass before a trial on the issue of damages could be held. This is so because the parties would be permitted to engage in damages discovery. Defendants' proposal unduly lengthens the litigation because it permits what might well be an extensive discovery period between the trial on liability and the trial on damages. It also prejudices plaintiff financially.

Bifurcation imposes a twofold increase in expenses for both parties. Many of the persons with knowledge about the issues in this case reside in Japan. Having the action proceed simultaneously on the liability and damages issues would greatly reduce the number of trips to Japan for deposition.

Finally, this action involves a willful infringement charge. It is our understanding that in such a circumstance the damages jury must hear the evidence on liability as well as on damages:

> Certain evidence is relevant to both liability and damages. For example, the question of whether the alleged infringement was willful touches upon liability and damages.[5]

Merely apprising the damages jury of the liability jury's determination that a particular party's conduct was willful will not inform them of the degree of willfulness. Consequently, the damages jury will be without the necessary factual predicate upon which to assess damages for willful conduct. And if the parties were required to provide the necessary factual predicate to the damages jury, wasteful duplication of evidence and effort would occur, and the parties' litigation expenses would concurrently be increased:

Considering the overlap between the facts necessary to establish liability and damages, it certainly would not be more convenient or economical for the court to conduct separate trials. A single trial would relieve the parties of having to bring the same witnesses back into court a second time to elicit the same testimony.[6]

It must be remembered that the plaintiff has a right to a jury trial—a right which cannot lightly be disregarded. Defendants' bifurcation proposal would make it unduly difficult to give full force and effect to plaintiff's entitlement to a jury trial on all of the issues presented.

Accordingly, it is adjudged, decreed, and ordered as follows:

1. *Defendant's Motion For Separation Of Issues And Stay Of Discovery* is denied.

2. Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, the parties are given 10 days following the entry of the Order to file exceptions thereto with The Honorable Nicholas J. Bua. Failure to file objections within the specified time period waives the right to appeal the magistrate's order.[7]

So Ordered.

**5.** *Keyes Fibre Co. v. Packaging Corp. of America,* 763 F.Supp. 374, 19 U.S.P.Q.2d 1472, 1473 and 1474 (N.D.Ill.1991).

**6.** *Keyes Fibre Co.,* 763 F.Supp. 374, 19 U.S.P.Q.2d, at 1474.

**7.** *Video Views, Inc. v. Studio 21, Ltd.,* 797 F.2d 538 (7th Cir.1986). *See also, The Provident Bank v. Manor Steel Corporation,* 882 F.2d 258, 261 (7th Cir.1989) (when a matter has been referred to a magistrate judge, acting as a special master or § 636(b)(2) jurist, a party waives his right to appeal if he has not preserved the issues for appeal by first presenting them to the District Judge as objections to the magistrate judge's order).