Timothy J. and Angela WITHERBEE,
Plaintiffs,

v.

HONEYWELL, INC., Suburban Propane,
a Division of the Quantum Chemical
Corporation, and State Industries, Inc.,
Defendants.

HONEYWELL, INC., and Suburban Propane, a Division of the Quantum Chemical Corporation, Third–Party Plaintiffs,

v.

Kenneth PICKARD, Pickard's Heating,
Plumbing & Electrical Service and G &
T Supply, Inc., Third–Party Defendants.

No. 88–CV–1007 (FJS).

United States District Court,
N.D. New York.

Sept. 30, 1993.

William F. Lynn, Syracuse, NY, for plaintiffs; Patricia A. Lynn–Ford, of counsel.

Carter, Conboy, Bardwell, Case, Blackmore & Napierski, Albany, NY, for defendant, Honeywell, Inc.; William J. Greagan, of counsel.

Cosgrove, Flynn Law Firm, Minneapolis, MN, for defendant, Honeywell, Inc.; Steve W. Gaskins, of counsel.

Hancock & Estabrook Law Firm, Syracuse, NY, for defendant, Suburban Propane; David S. Howe, of counsel.

Pinsky & Sandalis Law Firm, Syracuse, NY, for defendant, State Industries, Inc.; Alan R. Peterman, of counsel.

MacKenzie, Smith, Lewis, Michell & Hughes, Syracuse, NY, for third-party defendant Kenneth Pickard & Pickard's Heating, Plumbing & Electrical Service; Arthur A. Chalenski, Jr., of counsel.

Sugarman, Wallace, Manheim & Schoenwald, Syracuse, NY, for third-party defendant G & T Supply, Inc.; Paul V. Mullin, of counsel.

## MEMORANDUM–DECISION AND ORDER

SCULLIN, District Judge.

### I. Background

Plaintiffs Timothy and Angela Witherbee purchased the residence at 1011 Whiting Road in Jordan, New York in December 1986 and moved into this home in January 1987. On January 22, 1987, James Lloyd, a serviceman for defendant Suburban Propane, reactivated the propane services for the plaintiffs' residence and lit the pilot light for the water heater in such house without incident. This water heater was manufactured by defendant State Industries, Inc. ("State Industries") and equipped with a heater control valve manufactured by defendant Honeywell, Inc. ("Honeywell"). The water heater had been installed by third-party defendant Kenneth Pickard and supplied by third-party defendant G & T Supply, Inc. ("G & T").

In the spring of 1987, the plaintiffs ran out of propane. Timothy Witherbee obtained permission from his employer, Ryan Homes, to bring home partially full tanks of propane from Ryan Home job sites. These tanks were manufactured by Suburban Propane. Mr. Witherbee connected these tanks to the propane system of his house and relit the pilot light for the water heater without incident.

On August 18, 1987, Mr. Witherbee discovered that his house did not have hot water. He went to the basement and discovered that the pilot light for the hot water heater was not lit. Mr. Witherbee claims that he did not smell any gas at this time and that he knew how to light the pilot light for the water heater. Mr. Witherbee proceeded to light a rolled up piece of newspaper in order to light the pilot light of the water heater. As he began to bend down, an explosion occurred causing personal injury to Mr. Witherbee and damage to plaintiffs' house.

In September 1988, plaintiffs commenced an action against Suburban Propane and Honeywell arising out of the incident described above. In their complaint, plaintiffs allege several causes of action, including negligence, strict products liability and the breach of various express and implied warranties.

These defendants thereafter asserted third-party claims against State Industries,[1] and against third-party defendants G & T, Kenneth Pickard, and Pickard's Heating, Plumbing and Electrical Service, claiming that any liability on their part is attributable to the negligence, misfeasance, lack of due care, breach of contract and/or breach of warranty of these third-party defendants. Such claims seek indemnification and/or contribution from these parties.

After consolidation of this action with other actions based upon this same incident, various summary judgment motions were filed in this action. On March 12, 1993, this court granted in part, and denied in part, these motions for summary judgment, and entered an order regarding same on June 14, 1993.

In August 1993, defendants Honeywell and State Industries, and third-party defendants G & T, Kenneth Pickard and Pickard's Heating, Plumbing and Electrical Service (the "defendants") moved for an order pursuant to Fed.R.Civ.Proc. 42(b) to bifurcate the trial in this matter into a trial concerning liability and a trial relating to the damages sustained by the plaintiffs.

Plaintiffs oppose this motion.

### II. Discussion

The decision whether to bifurcate a trial into liability and damage phases is a

---

1. Such claims are now cross-claims by virtue of State Industries now being named as a defendant in the plaintiffs' amended complaint.

matter within the sound discretion of the district court. *See* Fed.R.Civ.Proc. 42(b); *Getty Petroleum Corp. v. Island Transportation Corp. et al,* 862 F.2d 10, 15 (2d Cir.1988), *cert. denied* 490 U.S. 1006, 109 S.Ct. 1642, 104 L.Ed.2d 157 (1989); *Carson v. City of Syracuse,* 1993 WL 260676, 1993 U.S.Dist. LEXIS 9508 (N.D.N.Y. July 7, 1993) (McCurn, S.J.). In exercising this discretion, the court must weigh the various considerations of convenience, prejudice to the parties, expedition, and economy of resources. Fed.R.Civ.Proc. 42(b); *Emerick v. U.S. Suzuki Motor Corp.,* 750 F.2d 19, 22 (3rd Cir. 1984) (affirming determination of district court to bifurcate products liability action).

In the present case, the defendants argue that bifurcation is appropriate because the complex issues of liability in this case are readily separable from the issues relating to damages. They note that there is no dispute that plaintiff suffered extensive burns as the result of the explosion that underlies this action. Defendants contend, however, that such injuries have no bearing on the issue of causation of the explosion. They argue that:

> None of the evidence on causation is relevant to the plaintiff's injuries and none of the evidence of plaintiff's injuries is relevant to causation. The issues, therefore, are readily separable.

Letter of Alan R. Peterman (8/9/93) at 3. Defendants also argue that if the liability phase of the proceedings results in a determination of liability concerning certain defendants, such defendants may be more inclined to settle on an amount of damages once it is determined that they are liable to the plaintiff.

Plaintiffs, however, oppose the instant motion. They claim that numerous witnesses would have to be recalled in the event of bifurcation, and that separate trials of this action would prolong, rather than shorten, the proceedings before the court.

■ After reviewing the file in this matter and the claims asserted by the plaintiffs herein, it appears to the court as though the evidence required to establish *liability* on the part of the defendants is separate and distinct from the evidence that the plaintiffs must proffer in establishing their *damages.* The testimony required to establish the cause of the explosion at plaintiffs' house, and the parties responsible for same, would be unrelated to any testimony that the plaintiff, or physicians called on his behalf, might offer regarding the injuries sustained by Timothy Witherbee as a consequence of the explosion. Moreover, it does not appear bifurcation of the instant action will unduly prolong the trial of this matter. Rather, if bifurcation is required, few witnesses will be required to testify at the subsequent proceeding regarding damages, and their testimony would not be duplicative or redundant. Moreover, the same jury will be utilized for both proceedings.

■ Bifurcation of an action is appropriate where, as here, there are complicated issues of liability that must be resolved prior to the assessment of any damages. *See Acme Resin Corp. v. Ashland Oil, Inc.,* 689 F.Supp. 751, 753 (S.D.Ohio 1987); *Kimberly-Clark Corp. v. James River Corp.,* 131 F.R.D. 607, 608–09 (N.D.Ga.1989). Additionally, where, as here, there is evidence concerning the severity of a plaintiff's injuries, the lengthy treatment received, and the physical and economic impact of such injuries on the plaintiff, courts have found there is a potential that a jury may be adversely and improperly affected in considering the issues of liability fairly, impartially, and objectively. *See* Eunice A. Eichelberger, *Propriety of ordering separate trials as to liability under Rule 42(b),* 78 ALR Fed. 890, 903–906 and cases cited therein. In such cases, it is preferable to permit the jury to concentrate on complicated issues of liability without considering evidence of the extent of his injuries and the damages sought by the plaintiff for such injuries. *Id.*

Weighing all of the factors present herein in support of, and in opposition to, defendants' motion to bifurcate the trial in this matter, this court finds separate proceedings on the issues of liability and damages to be appropriate. As the same jury will be used to try both the liability and damage phases of the action, there will be no need to have duplicative testimony, and there will be little sacrifice to efficiency, convenience or judicial

economy. *See, e.g., Buscemi v. Pepsico, Inc.,* 736 F.Supp. 1267, 1272 (S.D.N.Y.1990) (granting motion to bifurcate). By separating the issues of liability and damages, the court will minimize the risk that the defendants and third-party defendants will be unfairly prejudiced by testimony relating to the damages which involve extensive burn injuries sustained by Timothy Witherbee.

It Is So Ordered.