Leisa M. HAMM, Plaintiff,

v.

AMERICAN HOME PRODUCTS CORPORATION; Sherwood Medical Company, Inc.; Abbott Laboratories, Inc.; and Does 1 through 100, inclusive, Defendants.

No. Civ. S–94–0207–WBS/PAN.

United States District Court, E.D. California.

June 28, 1995.

Maureen A. Lenihan, Greve Clifford Wengel and Paras, Sacramento, CA, for Leisa M. Hamm.

Stuart M. Gordon, Gordon and Rees, San Francisco, CA, for American Home and Sherwood Medical Co. Inc.

Beth S. Jordan, Landels Ripley and Diamond Hills Plaza, San Francisco, CA, for Abbott Laboratories.

Frank W. Lem, Hanna Brophy MacLean McAleer and Jensen, Sacramento, CA, for Mercy General Hosp.

## MEMORANDUM AND ORDER

SHUBB, District Judge.

This is a product liability action in which plaintiff, a nurse at Mercy General Hospital in Sacramento, seeks to recover both compensatory and punitive damages for injuries allegedly resulting from being accidentally

stuck with a needle which had previously been in contact with AIDS infected blood. The action was originally filed in state court and removed to this court by defendants based on diversity of citizenship, 28 U.S.C. § 1332. Defendants now seek to invoke California law to delay the presentation of evidence pertaining to the defendants' income and wealth until after the issues of liability and culpability for punitive damages have been determined.

Specifically, defendants ask the court to apply Cal.Civ.Code § 3295(d), which concerns the timing of when evidence about a defendant's wealth is to be admitted at trial, and provides in its entirety that

> The court shall, on application of any defendant, preclude the admission of evidence of that defendant's profits or financial condition until after the trier of fact returns a verdict for plaintiff awarding actual damages and finds that a defendant is guilty of malice, oppression, or fraud in accordance with Section 3294. Evidence of profit and financial condition shall be admissible only as to the defendant or defendants found to be liable to the plaintiff and to be guilty of malice, oppression, or fraud. Evidence of profit and financial condition shall be presented to the same trier of fact that found for the plaintiff and found one or more defendants guilty of malice, oppression, or fraud.

■ A district court sitting in a diversity case applies federal procedural law and state substantive law. *Hanna v. Plumer,* 380 U.S. 460, 465, 85 S.Ct. 1136, 1141, 14 L.Ed.2d 8 (1965). Because the line between substance and procedure is neither static nor easily drawn, occasional conflicts arise between state law which is arguably substantive and federal law which is arguably procedural. When faced with such a conflict, the first step of the analysis is to determine whether there is a Federal Rule of Civil Procedure that governs the matter at issue. *Hanna,* 380 U.S. at 469–70, 85 S.Ct. at 1143.

■ Here there is such a rule, and it conflicts directly with § 3295(d). Fed. R.Civ.P. 42(b) grants district courts the discretion to bifurcate liability and damages issues in a single action. It provides that

The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims or issues, always preserving the right of trial by jury as declared by the Seventh Amendment of the Constitution or as given by a statute of the United States.

Fed.R.Civ.P. 42(b). Defendants are correct in noting that no federal rule requires that evidence of the defendants' net worth be admitted during the liability phase. It is thus possible to envision specific outcomes where the two rules may be applied consistently. The rules are nevertheless fundamentally inconsistent. Rule 42(b) explicitly grants the district court the discretion to determine whether to bifurcate issues, *See Arthur Young & Co. v. United States Dist. Court,* 549 F.2d 686, 697 (9th Cir.1977), whereas section 3295(d) allows no discretion, and instead makes bifurcation mandatory whenever a defendant moves to preclude admission of its wealth.

Since Rule 42(b) applies, and a direct conflict exists, the only issues are whether Rule 42(b) is beyond the scope of the Rules Enabling Act, or is otherwise unconstitutional. *Hanna,* 380 U.S. at 469–72, 85 S.Ct. at 1143–44. Defendants do not argue for either, and the court is unaware of any authority suggesting that Rule 42(b) is invalid for any reason. Moreover, there is ample precedent holding that bifurcation is a procedural issue for purposes of *Erie* analysis. *See, e.g., Simpson v. Pittsburgh Corning Corp.,* 901 F.2d 277, 283 (2d Cir.1990) (applying Rule 42(b) instead of New York common law requiring that evidence of defendant's wealth be admitted only after jury has otherwise determined that punitive damages are appropriate); *Rosales v. Honda Motor Co., Ltd.,* 726 F.2d 259, 261 (5th Cir.1984) (applying Rule 42(b) instead of Texas law requiring that liability and damages be tried in a single proceeding); *Moss v. Associated Transport, Inc.,* 344 F.2d 23, 25 (6th Cir.1965) (applying Rule 42(b) instead of Tennessee law requir-

ing that liability and damages be tried in a single proceeding).

 Thus, the court retains its discretion in determining whether to bifurcate the issue of the defendants' wealth from the rest of the trial. The court declines to exercise that discretion in this case. Absent some experience demonstrating the worth of bifurcation, "separation of issues for trial is not to be routinely ordered." Advisory Committee Notes to the 1966 Amendment to Fed. R.Civ.P. 42(b). The most persuasive argument in favor of separating the issue of a defendants' wealth from the rest of the trial is that the defendants will be somehow prejudiced if information of their finances is intermingled with the evidence on the issue of liability. However, the court is not persuaded that the jury in this case will be unable or unwilling to distinguish between evidence pertaining to liability or culpability and evidence pertaining to the measure of damages. The experience of this court does not support such a dark view of juror competence. Moreover, any concerns about potential prejudice to the defendant may be directly addressed, and the prejudice cured, with appropriate limiting instructions. *See, e.g., Brown v. Advantage Engineering Inc.,* 732 F.Supp. 1163, 1171 (N.D.Ga.1990).

Conversely, bifurcating a trial creates its own problems, not the least of which is that to do so leaves the court on the horns of a dilemma. On the one hand, if the court does not tell the jury beforehand that further proceedings may result in the event of a verdict in favor of the plaintiff, upon returning such a verdict the jurors (believing their duties fulfilled) will receive the unexpected news that they are obliged to sit through more evidence, more instructions and yet another round of deliberations. This is simply not fair to the jury. On the other hand, if the court informs the jury at the outset that there will be further proceedings in the event of a verdict for the plaintiff, it creates a subtle incentive for the jury to

return a verdict for the defendants.[1] This would be unfair to the plaintiff. In light of these concerns, the court is unwilling to upset the traditional decision making process of the jury by artificially bifurcating the issues of this case. *See* Roger H. Trangsrud, Joinder Alternatives in Mass Tort Litigation, 70 Cornell L.Rev. 779, 827 (1985).

Defendants' request for bifurcation of the issue of the wealth of defendants for separate trial is therefore DENIED.

---

1. This may explain in part why some studies indicate that defendants fare significantly better in cases where liability and damages are bifurcated. In one study, for example, defendants prevailed in only 42% of traditional trials, but won favorable verdicts in a 79% of trials where liability and damages were bifurcated. Rosenberg, "Court Congestion: Status, Causes and Proposed Remedies" in *The Courts, the Public, and the Law Explosion,* 29, 49 (Jones ed. 1965), *cited in* 9 Wright and Miller, Federal Practice and Procedure Civil 2d § 2390 at 508 (1995).