**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 99-30395
_____

ESTLE GREEN AND WANDA GREEN,
Guardians of Terry Green,

Plaintiff-Appellant,

versus

MILBAR HYDRO-TEST, INC., ET AL.,

Defendants,

MILBAR HYDRO-TEST, INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
CV No. 96-2022

February 24, 2000

Before REYNALDO G. GARZA, JONES, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

The court has carefully considered this appeal in light of the parties' briefs, and argument, the district court record, and our independent research. Having done so, we find no reversible error.

First, Green argues that the district court erred in failing to overturn the jury's verdict finding Milbar employee Cliff Wixon not negligent. The jury's finding that Wixon was not negligent is a factual finding reviewed only for clear error. *See Lidy v. Film Transit, Inc.*, 796 F.2d 103, 105 (5th Cir. 1986); *Justiss Oil Company v. Kerr-McGee Refining Corp.*, 75 F.3d 1057, 1062 (5th Cir. 1996). In light of the entire record, the jury's verdict was not clearly erroneous. The district court did not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

err in denying Green a new trial. *See Whitehead v. Food Max of Mississippi*, 163 F.3d 265, 269 (5th Cir. 1998) (we review the denial of a motion for a new trial only for clear abuse of discretion; "a trial court should not grant a new trial on evidentiary grounds unless the verdict is against the great weight of the evidence") (internal citations omitted). Nor did the district court err in denying Green's post-verdict motion for judgment as a matter of law. *See id.* (district court should deny motion for judgment as a matter of law unless "there is no legally sufficient evidentiary basis for a reasonable jury to find for the nonmovant") (internal citation omitted).

Second, Green argues that the district court erred in submitting Milbar's borrowed servant defense to the jury. The jury never had to reach the borrowed servant issue: its finding that Wixon was not negligent ended its deliberations and obviated the need to consider affirmative defenses. As we affirm the jury's verdict, we find it unnecessary to consider whether the borrowed servant defense was properly submitted to the jury. To the extent to which Green argues that he was so prejudiced by the submission of the borrowed servant issue that a new trial must be ordered even though the jury did not reach the issue, Green's speculative argument is without merit. The district court did not err in denying Green a new trial. *See Whitehead*, 163 F.3d at 269.

Third, Green argues that the district court erred in bifurcating the trial into separate liability and damages phases. The district court's decision to bifurcate under Fed. R. Civ. P. 42(b) is reviewed only for abuse of discretion. *See United States v. $9,041,598.68 (Nine-Million Forty-One Thousand Five-hundred Ninety Eight Dollars and Sixty Eight Cents)*, 163 F.3d 238, 253 (5th Cir. 1998) (internal citation omitted). Under the particular circumstances of this case, the district court's decision to bifurcate was not an abuse of discretion. *See, e.g., Rosales v. Honda Motor Co.*, 726 F.2d 259 (5th Cir. 1984); *Helminski v. Ayerst Laboratories*, 766 F.2d 208, 212 (6th Cir. 1985); *Miller v. New Jersey Transit Authority*, 160 F.R.D. 37 (D.N.J. 1995); *Witherbee v. Honeywell, Inc.*, 151 F.R.D. 27, 28-29 (N.D.N.Y. 1993).

The judgment of the district court is therefore AFFIRMED.