**WINDSOR INDUSTRIES, INC.,**
**a Colorado corporation,**
**Plaintiff,**

v.

**PRO–TEAM, INC., an Idaho**
**corporation, Defendant.**

**No. Civ.A. 99–K–2001.**

United States District Court,
D. Colorado.

March 6, 2000.

Robert R. Brunelli, Benjamin Baughman Lieb, Sheridan, Ross, P.C., Denver, CO, for plaintiff.

Frank J. Dykas, Dykas & Shaver, L.L.P., Boise, ID, James W. Bain, Brega & Winter P.C., Denver, CO, for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

Windsor Industries, Inc. ("Windsor") has filed this action seeking a declaratory judgment that Windsor has not infringed the design patent or any valid trade dress rights belonging to Pro–Team, Inc. ("Pro–Team"). Pending are Windsor's Motion to Dismiss Count III of Pro–Team, Inc.'s Counterclaims and Windsor's Motion to Bifurcate and Stay Damage Related Discovery.

The product at issue in this case is a portable, backpack-style vacuum used primarily in the janitorial industry. (Ex. 1.) Pro–Team applied for and was issued a design patent on November 27, 1990 for a

"Back–Carried Vacuum Cleaner." (Ex. 5.) Windsor introduced a new backpack-style vacuum ("VacPac") at the ISSA Trade Show in October, 1999. At the trade show, Pro–Team's President confronted a Windsor Representative asserting that Windsor's VacPac was a direct copy of Pro–Team's vacuum in violation of Pro–Team's design patent. (Compl. at 7.) Pro–Team threatened to sue Windsor for infringement if the VacPac was not removed from the market. (Compl. at 8.) Windsor has declined to discontinue sale of the VacPac and, based upon the threatened litigation, Windsor filed this action on October 14, 1999.

On November 5, 1999, Pro–Team filed an Answer, denying Windsor's assertion that there is no infringement upon Pro–Team's design patent. In addition, Pro–Team asserts three counterclaims including: (1)Patent Infringement in violation of 37 U.S.C. § 271(a); (2) Trade Dress Infringement; and (3) Dilution of Trademark and Injury to Business Reputation in violation of 15 U.S.C. § 1125. (Compl. at 8–9.)

## I. Motion to Dismiss Count III of Pro–Team, Inc.'s Counterclaims

■ Dismissal is proper under Rule 12(b)(6), " 'only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle him to relief, accepting the well-pleaded allegations of the complaint as true and construing them in the light most favorable to the plaintiff.' " *Yoder v. Honeywell,* 104 F.3d 1215, 1224 (10th Cir.), *cert. denied,* 522 U.S. 812, 118 S.Ct. 55, 139 L.Ed.2d 19, (1997) (quoting *Fuller v. Norton,* 86 F.3d 1016, 1020 (10th Cir.1996)).

Plaintiff's Motion requests dismissal of Defendant's Counterclaim of "Dilution of Trademark and Injury to Business Reputation" due to insufficient pleading. Although Pro–Team did not originally plead that its trademark was "famous," an Amended Answer and Counterclaim has been properly filed with the court in which it asserts that the Pro–Team trademark is famous. Therefore, the deficiency in the original pleading has been cured. Plain-

tiff's Motion to Dismiss Count III of Pro–Team, Inc.'s Counterclaims is denied.

## II. Motion to Bifurcate and Stay Damage Related Discovery

Rule 42(b) states:

The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

FED.R.CIV.P. Rule 42(b).

The decision to grant separate trials pursuant to Rule 42(b) is within the discretion of the trial court. *Martin v. Bell Helicopter Co.,* 85 F.R.D. 654, 658 (D.Colo. 1980). "Bifurcation is not an abuse of discretion if such interests favor separation of issues and the issues are clearly separable." *Angelo v. Armstrong World Indus.,* 11 F.3d 957, 964 (10th Cir.1993). Bifurcation is an abuse of discretion if it results in unfair prejudice to a party. *Id.*

Windsor has requested bifurcation of the trial on liability and damages based on the premise that it would expedite and simplify both discovery and trial. (Mot. at 4.) It argues bifurcation will reduce the likelihood of jury confusion and avoid potentially needless expenditure of time, effort and money for all sides. (*Id.*)

As noted, bifurcation is only appropriate where the issues are separable and distinct. Windsor asserts the patent liability and damage issues in this case can be easily separated. (Mot. at 5.) It points to the legal tests used to determine liability and damages as support for this assertion. Liability for patent infringement is determined by examining the patent, prior art and consumer perceptions. (Mot. at 6.) Windsor notes evidence relating to dam-

ages would not be relevant to the patent liability issues. (Mot. at 8.) It uses this same argument in asserting that evidence of damages would not be relevant in asserting liability for trade dress infringement either. (Mot. at 9.) Therefore, Windsor argues these issues are easily separated and bolsters these arguments by citing a string of cases in which federal courts have found bifurcation to be appropriate in patent and trade dress litigation cases. (Mot. at 4.)

Pro–Team contends damages issues are intertwined with issues of liability, willfulness and motivation for the infringement. (Reply at 3–4.) In addition, Pro–Team is concerned that bifurcation will hinder the discovery process with constant objections requiring a determination as to whether the evidence is damage related or not. (Reply at 4.)

Windsor has conceded evidence of a patented device's commercial success may be introduced by Pro–Team at trial. (Mot. at 8.) It argues, however, that evidence of commercial success is not as extensive or intricate as that used to prove damages, therefore, bifurcation would still be proper. (*Id.*) Windsor has also conceded evidence relating to the issue of willfulness may be relevant to determining damages, and therefore has requested the issue of willfulness be determined in the liability phase of the trial. (Windsor Reply at 2.)

Windsor argues bifurcation will advance the interests of convenience and economy as expressed in Rule 42(b). It offers two rationales for allowing bifurcation: (1) If no liability is found, evidence on damages is irrelevant; and (2) if liability is established, the parties are likely to settle. (Mot. at 10.)

Pro–Team contends Windsor has not met the burden of demonstrating that separate trials will promote the interests expressed in Rule 42. In response to Windsor's first rationale, Pro–Team relies on *Keyes Fibre Co. v. Packaging Corp. of America*, where the court noted this argument can be made in any case, but, "[t]he court will not preclude a party from pre-

senting evidence relevant to both liability and damages in the same proceeding merely because that party may not ultimately obtain a favorable judgment." 763 F.Supp. 374, 376 (N.D.Ill.1991).

In regard to Windsor's second rationale, Pro–Team counters although bifurcation would increase the chances of settlement before the damages trial, it would be less likely that the case will settle before the initial trial on the liability issue. (Reply at 6.) Pro–Team argues if the damages issues are deferred, Windsor has nothing to lose by going through with the first trial, thus preventing any chance of settlement. (Reply at 7.) Therefore, Pro–Team contends Windsor has not sustained its burden because reducing the chance of settlement before trial is not in the interests of judicial economy. (Id.)

Windsor argues bifurcation is necessary to avoid prejudice to the parties and jury confusion by simplifying the issues to be resolved. (Mot. at 11.) Further, Windsor asserts bifurcation would be beneficial because it would avoid the burden of producing many pages of documents relating to damages and the preparation of costly expert opinions related to the damages issues. (Mot. at 11.) If no liability is proven, Windsor argues, these activities would have been in vain. (*Id.*)

Pro–Team maintains prejudice is not an issue in this case. It argues, although Windsor contends these are complex issues, the fact that it was able to sum up the issues in just a few paragraphs is representative of the fact that for a patent infringement case, these issues are relatively straight forward. (Reply at 7.) Pro–Team notes, by Windsor's own admissions, there have been only minimal product sales demonstrating that the damages issues are not complex and therefore will not result in prejudice. (Reply at 8.) Pro–Team contends the issues in this case are not complicated and can be tried together as was the case in *Keyes*, where the court stated, "[t]he admission of evidence relevant to damages will not cloud the main

issue of liability or otherwise inject confusion into the trial." 763 F.Supp. at 376.

Convenience is also a consideration in determining whether bifurcation is appropriate. Pro–Team argues bifurcation will result in needless duplication of effort regarding the discovery process, and duplicative discovery is neither economical nor convenient. (Reply at 9–10.) To the contrary, Windsor argues although multiple depositions of several key witnesses may be needed with separate trials, the preparation and testimony would be more focused and defined, resulting in the duplication being beneficial. (Windsor Reply at 5.)

Finally, Pro–Team argues bifurcation would result in an unfair advantage for Windsor. (Reply at 10.) It contends, because separate trials will take more time, Windsor will have more of an opportunity to penetrate the market with its vacuum resulting in further loss of market share and good will for Pro–Team. (Reply at 10.) Windsor maintains it has been a major participant in the vacuum marketplace for years and the introduction of the Vac-Pac is not creating any new footholds. (Windsor Reply at 5.) In addition Windsor argues if liability is determined, a permanent injunction will be entered at the end of the first trial which will prevent the penetration of the marketplace from continuing any longer than it would have in a consolidated action. (Windsor Reply at 5.)

In order for bifurcation to be appropriate, the issues must be clearly separable. *Angelo,* 11 F.3d at 964. Windsor has responded to Pro–Team's discovery concerns by assuring that any information requested related to willfulness, production costs, etc. will be provided upon request. Windsor has, in effect, conceded at least part of the discovery is relevant to both damages and liability. Without doubt, the liability and damages issues are *intertwined and not clearly separable.*

According to Windsor, the VacPac has only been on the market since October 1999 and as of the date of filing of this Motion none of these particular vacuums had been sold. (Mot. at 10.) Windsor speculates, even by the end of the year 2000, it will only have minimal sales of the VacPac. (Mot. at 10–11.) Although Windsor may be correct in its assertions that calculating the damages is no less difficult under these circumstances, it does not seem likely that these particular damage calculations will cause jury confusion or prejudice. Expert witnesses may be required to testify to establish the specific damages amounts, but again, it does not seem that the issue of damages is so complicated as to warrant a completely separate trial.

Rule 42(b) of the Federal Rules of Civil Procedure promotes expedition and economy. The damages issues in this case do not appear to be extraordinarily complex, therefore, bifurcation will not appreciably shorten the trial. Some discovery appears to overlap both liability and damages issues. Resolving both issues in a single trial will eliminate possible discovery disputes and avoid wasting time and effort in dealing with the discovery process twice. Plaintiff's Motion to Bifurcate Liability From Damages Issues is denied.

### III. Conclusion

The Motion to Dismiss Count III of Pro–Team, Inc.'s Counterclaims and the Motion to Bifurcate are DENIED. The issue of whether to stay the discovery relating to damages is DENIED AS MOOT.