**BRAD RAGAN, INC., Plaintiff,**

v.

**SHRADER'S INCORPORATED, Defendant.**

No. C-3-79-426.

United States District Court, S. D. Ohio, W. D.

March 3, 1981.

---

ment of the patent in suit (i. e., the question of Defendant's liability) from the issue of damages, and ordering "serial" trials, thereon, to the same jury, pursuant to F.R.C.P. 42(b).

The Sixth Circuit does not appear to have considered the precise question of separate trials on liability and damages in patent litigation. Both of the reported District Court decisions from this Circuit that have addressed the question concluded that separation was not warranted. *See Organic Chemicals, Inc. v. Carroll Products, Inc.*, 86 F.R.D. 468 (W.D.Mich.1980) (no possibility of prejudice or confusion in refusing separation in nonjury trial; overlap of evidence on separated issues would be "very likely"; parties agreed that damage issue was not complex); *Nichola v. Peterson*, 22 F.R. Serv.2d 498 (E.D.Mich.1976) (nonjury trial; no "extraordinary complex set of circumstances" presented; no accounting procedure deemed necessary; case was "relatively simple compared to other patent suits . . . tried in recent months" by that court).

On the other hand, the Court is aware of two District Court decisions reported from other Circuits wherein this precise issue was considered and separation was ordered. *See Swofford v. B & W, Inc.*, 34 F.R.D. 15 (S.D.Tex.1963), *aff'd*, 336 F.2d 406 (5th Cir. 1964), *cert. denied*, 379 U.S. 962, 85 S.Ct. 653, 13 L.Ed.2d 557 (1965) (jury trial; trial of damage issue in patent cases is "often difficult and expensive" yet "easily severed" from liability questions; additional opportunity for avoiding or settling damage issue created by separation; nonmovants failed to show "serious prejudice" in separation) (on appeal, court could not "think of an instance in a patent action where the damage issue is so interwoven with the other issues" that separation would be prejudicial); *Shepard v. Int'l Business Machines Corp.*, 45 F.R.D. 536 (S.D.N.Y.1968) (jury trial; "no doubt" that separation in patent cases is expeditious; consolidated trial "would only clutter the record and confuse the jury"; separation presents additional opportunity for settlement).

Howard P. Krisher, Bieser, Greer & Landis, Dayton, Ohio, for plaintiff.

Gilbert N. Henderson, Biebel, French & Nauman, Dayton, Ohio, for defendant.

## DECISION AND ENTRY OVERRULING DEFENDANT'S MOTION SEEKING ORDER OF THE COURT SEPARATING OR BIFURCATING TRIAL ON ISSUES OF LIABILITY AND DAMAGES

RICE, District Judge.

The captioned cause came to be submitted upon Defendant's motion seeking an Order of the Court separating or bifurcating the issues of the validity and infringe-

Upon examination of the outside authorities cited by counsel and those revealed by the Court's own research, the Court concludes that the question of separating liability and damage issues in patent litigation should not be approached in a markedly unusual fashion, or in respect of particularly unique considerations, significantly different from most other civil actions. The crucial inquiries in every case are whether separation would further convenience, would avoid prejudice, or would be conducive to expedition and economy. F.R.C.P. 42(b). The potential complexity of the issues in patent litigation, and the potential for proof of damages independent of proof of liability, are not peculiar to that field of law; nor is it correct to say that such characteristics, which are *often* found in patent litigation, and which favor separation, are necessarily a part of *every* patent case.

The decision to separate or refuse separation is committed to the trial court's discretion. *Moss v. Assoc. Transport, Inc.*, 344 F.2d 23, 25 (6th Cir. 1965). However, the Sixth Circuit has cautioned that "separation of issues 'should be resorted to only in the exercise of informed discretion and in a case and at a juncture which move the court to conclude that such action will really further convenience or avoid prejudice.'" *Id.* at 26 (quoting *Frasier v. Twentieth Century-Fox Film Corp.*, 119 F.Supp. 495, 497 (D.Neb.1954)).

It is concluded that, at the present time, Defendant has not provided this Court with sufficient reason to find that separation "will *really* further inconvenience or avoid prejudice," and has not provided this Court with any other basis upon which it might "exercise *informed* discretion" in ordering separation.

In particular, the Court finds that Defendant's reference to the common independent complexity of liability and damage issues in patent litigation, generally, *see Swofford* and *Shepard, supra*, is unavailing in the present action in view of Plaintiff's representation as to the simplicity of *its particular case* on damages. While the lia-

bility issues in this case may indeed be complex, that factor does not alone compel separation, particularly where Plaintiff has represented that much of its proof on the liability issues would substantially overlap with its proof on damages. The represented overlap conforms to this Court's understanding of the nature of proof of minimum damages under 35 U.S.C. § 284. *See Georgia Pacific Corp. v. United States Plywood Corp.*, 318 F.Supp. 1116, 1120 (S.D.N.Y. 1970), *as modified by* 446 F.2d 295, 299 (2nd Cir.), *cert. denied*, 404 U.S. 870, 92 S.Ct. 105, 30 L.Ed.2d 114 (1971) (cited by Defendant); *contra, Swofford, supra.*

Thus, even if the damage issue might be avoided or settled by virtue of a jury determination on liability alone (which becomes possible by separation), it does not appear that substantial economies would thereby result because much of Plaintiff's damage case would already have been presented. Conversely, if the damage issue must ultimately be addressed by the jury, the overlap of proof suggests that considerations of convenience, continuity, and confusion avoidance would, in fact, favor consolidated presentation of the evidence on liability and damages, rather than bifurcation. The latter course would either require duplicated presentation of a substantial portion of damage evidence, or attenuate same by requiring an intervening jury determination on liability alone. The Court does not believe that the jury's burden or the possibility of jury confusion due to "additional instructions" (on damages) at one trial, which results from refusing separation, outweighs the foregoing considerations.

Finally, Defendant says that certain of its business records are "confidential," but might, nonetheless, be ordered disclosed to Plaintiff, in discovery, solely on the basis of Plaintiff's need for those records in properly presenting its damage case to the jury. Defendant says that separation of the damages issue would allow for protection of those records "unless and until" their disclosure actually becomes necessary (i. e., only if Plaintiff prevails on the liability issues).

Although the possibility of premature and unnecessary disclosure of Defendant's

confidential business records is a serious problem, the Court does not understand how it may be *reasonably* resolved or avoided by Defendant's request for "serial" trials to the *same jury—unless* (1) Defendant would have this Court absolutely preclude discovery of the subject records until after a liability verdict is rendered, and (2) then proceed to order a continuance of the damage trial for an extended and indeterminate period of time, while the parties exchange discoverable documents, examine same, perhaps conduct necessary depositions concerning them, and otherwise commence and complete preparation of a damage case and defense, (3) all while the same jury sits idly by and forgets relevant "overlapping" damage evidence presented at the liability trial. Without any understanding of the degree of confidentiality of the subject records, or the degree of protection which such records deserve, this Court is reluctant to refer to them as justification for adopting the preceding scenario as a "convenient and non-prejudicial" procedure to be followed in this case.

For the forestated reasons, the Defendant's motion, seeking an Order of the Court separating or bifurcating the issues of patent validity and infringement from the issue of damages, and ordering "serial" trials, thereon, to the same jury, is deemed to be not well taken, and same is overruled.