HOME ELEVATORS, INC., Plaintiff,

v.

MILLAR ELEVATOR SERVICE COMPANY and Schindler Elevator Corporation, Defendants.

Civil Action No. 1:95–cv–2274–RLV.

United States District Court,
N.D. Georgia,
Atlanta Division.

March 14, 1996.

Dale Lischer, Daniel James Warren, Jones & Askew, Atlanta, GA, for plaintiff.

Malcolm P. Smith, Lokey & Smith, Atlanta, GA, Michael J. Fink, phv, Eric J. Fues, phv, Neil F. Greenblum, phv, Sandler Greenblum & Bernstein, Arlington, VA, for defendants.

## ORDER

VINING, District Judge.

This matter is before the court on the defendants' Motion to Bifurcate the Liability Issues from the Damages Issues and to Stay All Discovery Concerning Damages [12] and Motion for Entry of a Protective Order [14]. For the reasons set forth herein, the motions are DENIED.

This is a patent infringement case concerning an escalator handrail drive unit. The plaintiff asserts that it developed and patented a prototype of a handrail drive unit for the Metropolitan Atlanta Rapid Transit Authority ("MARTA"). The prototype was installed for a period of time in MARTA's Civic Center Station during which time the defendants measured, inspected and photographed the drive unit. Subsequently, MARTA invited bids for a replacement system for the handrail drive units throughout the MARTA system. The plaintiff and the defendants submitted bids, and MARTA ac-

cepted the defendants' bid. The plaintiffs assert that the handrail drive unit which the defendants currently are installing throughout the MARTA system infringes the plaintiff's patented design.

The plaintiff's complaint seeks a permanent injunction, damages, enhanced damages for willfulness, costs and attorney's fees. The plaintiffs have asserted that their damages should be calculated under a lost profits theory and/or under a reasonable royalty theory. The defendants have counterclaimed for declaratory judgment.

The defendants have moved for bifurcation of the issues of liability and damages pursuant to Rule 42(b) of the Federal Rules of Civil Procedure. In addition, the defendants have asked this court to stay all discovery of the damages issue, including on the theory of a willful violation, until the termination of a trial on the liability issue.

 Rule 42(b) provides, in pertinent part, that "the court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim." The decision to bifurcate is committed to the sound discretion of the trial court. *Kimberly–Clark Corp. v. James River Corp.*, 131 F.R.D. 607, 608 (N.D.Ga.1989). While bifurcation "is not the usual course that should be followed," *id.* (citations omitted), it is frequently granted in patent cases where the issues of liability and damages are discrete and complex. *See, e.g., Smith v. Alyeska Pipeline Serv. Co.*, 538 F.Supp. 977, 983–84 (D.Del.1982), *aff'd*, 758 F.2d 668 (Fed. Cir.), *cert. denied*, 471 U.S. 1066, 105 S.Ct. 2142, 85 L.Ed.2d 499 (1984). The party requesting bifurcation has the burden to show that it is warranted in that particular case. *See THK America, Inc. v. Nippon Seiko, KK*, 141 F.R.D. 463, 464 (N.D.Ill.1991).

 In this case, the defendants argue that this court should bifurcate liability and damages because the proof of damages will be complex. The plaintiffs have requested damages under two separate theories, the lost profits theory set out in *Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152, 1156 (6th Cir.1978), and the reasonable royalty theory as described in *Georgia–Pacific Corp. v. United States Plywood Corp.*, 318 F.Supp. 1116, 1120 (S.D.N.Y.1970), *modified*, 446 F.2d 295, *cert. denied*, 404 U.S. 870, 92 S.Ct. 105, 30 L.Ed.2d 114 (1971). Although both of these theories require the proof of numerous factors, the defendants have failed to show how the proof of damages in this particular case will be especially complex.

In the first instance, the plaintiff asserts that it is aware of only one infringement by the defendant, the MARTA contract. Moreover, both parties submitted bids for the MARTA contract, establishing the market value of the work. Although the defendant asserts that other contractors were invited to submit bids to MARTA, there is no evidence in the record that any other company submitted such a bid. Similarly, there is no evidence in the record that the plaintiffs have ever licensed this patent to any other parties or ever installed this particular drive unit in any other facilities. Therefore, contrary to the defendants' assertions, this case seems to involve a two-supplier market and a one-time infringement. Thus, there is no evidence which would lead this court to determine that, in the realm of patent infringement cases, this one involves especially complex issues of damages.

The defendants also argue that bifurcation is warranted because the issues of liability and damages are almost wholly discrete. The defendants admit, however, that some issues of liability—such as "commercial success"—may overlap with the proof of damages. In addition, this court notes that several of the witnesses named in the parties' responses to mandatory discovery are expected to testify regarding issues related to both liability and damages.[1]

Lastly, the defendants assert that bifurcation will promote judicial economy since the

1. For example, the plaintiffs have named John Spriggs, Bill Waldrop and Wolfgang Biedermann as witnesses who may be expected to offer evidence related to both issues of liability and damages. Similarly, the defendants have named W.E. McLaughlin, Jim Marcusky and Lawrence Birney as individuals who may offer evidence related to both issues.

parties and the court will not address the issue of damages if there is a finding of no liability. However, this court notes that, in the event of a finding of liability, two separate trials at remote times with different juries will not promote judicial economy. Moreover, as set forth above, several of the witnesses already identified by the parties can be expected to testify as to matters related to both liability and damages. Plainly, judicial economy is not served if the same witnesses have to be called at both trials.

Therefore, this court finds that the defendants have failed to show that bifurcation is warranted in this case. Since this court has refused the defendants' request to bifurcate the issues of liability and damages, there is no need to stay all discovery concerning damages.

 However, in addition to the damages available under lost profits and reasonable royalty theories, the plaintiffs have requested enhanced damages due to the defendants' alleged willful infringement. The defendants have requested that this element of damages also be bifurcated from liability and all discovery concerning it be stayed because a primary defense to a claim of willful infringement is reliance upon advice of counsel. The plaintiffs already have sought discovery of information which the defendants contend is confidential attorney-client communication or which is protected by the attorney work-product doctrine. If the defendants produce this information, they waive the attorney-client privilege. However, if they adhere to the privilege, this court is permitted to infer that no opinion of counsel was sought or that the opinion provided was not favorable to the defendant. *See Fromson v. Western Litho Plate & Supply Co.*, 853 F.2d 1568, 1572–73 (Fed.Cir.1988). Some courts have addressed this concern by inspecting any requested documents *in camera* prior to a determination to bifurcate the issue of a willful infringement. *Quantum Corp. v. Tandon Corp.*, 940 F.2d 642, 644 (Fed.Cir.1991). However, such an *in camera* inspection is not required. *See IPPV Enter. v. Cable/Home Communication Corp.*, 26 USPQ2d 1714, 1716, 1993 WL 186168 (S.D.Cal.1993).

However, this court finds that any opinion of the defendants' counsel related to the validity of the patent or possible infringement, which would otherwise be covered by the attorney-client privilege or the attorney work-product doctrine, will be relevant, probative and admissible at trial on the issue of willfulness. Further, evidence of a willful violation which would support enhanced damages "is a finding of fact inextricably bound to the facts underlying the alleged infringement." *Kimberly–Clark*, 131 F.R.D. at 609. Therefore, this court finds that bifurcation and stay of all discovery related to a willful infringement is not appropriate in this case.

The defendants' Motion to Bifurcate the Liability Issues from the Damages Issues and to Stay All Discovery Concerning Damages [12] is DENIED.

The defendants have also moved for entry of a protective order. According to the briefs, the parties were in the process of negotiating a mutually acceptable protective order. The plaintiff, however, sought to include "[t]he parties, or their officers, directors, or employees, to the extent necessary for the conduct of this action" to that class of persons who would have access to information which the parties voluntarily marked "Confidential." In addition, the plaintiff sought to create a new classification for financial material which would be marked "Confidential–Counsel Only."

This court will not enter any protective order in this case which is not agreed upon by the parties. Therefore, the defendants' Motion for Entry of a Protective Order [14] is DENIED with leave to refile a proposed protective order in the form of a Consent Order.

SO ORDERED.