**NOVOPHARM LIMITED,**
**and Novopharm USA,**
**Inc., Plaintiffs,**

v.

**TORPHARM, INC., Defendant.**

**TORPHARM, INC., Plaintiff,**

v.

**NOVOPHARM, LTD., Novopharm**
**USA, Inc., and Granutec, Inc.**
**Defendants.**

**Nos. 5:97–CV–968–BO(3),**
**5:97–CV–658–BO(2).**

United States District Court,
E.D. North Carolina,
Western Division.

May 26, 1998.

---

Dan M. Hartzog, Cranfill, Sumner & Hartzog, L. Phillip Hornthal, III, Cranfill, Sumner & Hartzog, Raleigh, NC, for Plaintiffs.

John Rudy Wallace, Raleigh, NC, for Defendants.

## ORDER

TERRENCE WILLIAM BOYLE, Chief Judge.

This matter is before the Court on the motion of Novopharm, Ltd., Novopharm USA, Inc., and Granutec, Inc. (collectively,

"Novopharm") for a trial of liability issues separate from damages and willfulness issues. Novopharm moves this Court pursuant to Rule 42(b) of the Federal Rules of Civil Procedure for the entry of an order that separate trials shall be held on the issues of (a) liability and (b) damages and willfulness. Novopharm also moves the court to allow it to withdraw its unintentional admissions of Torpharm's second set of requests for admission. Upon consideration of the parties' arguments, the Court will grant the instant motions.

## BACKGROUND

Novopharm Limited and Novopharm USA, Inc., filed an action in this Court on August 21, 1997, against Torpharm, Inc. ("Torpharm") seeking a declaratory judgment that U.S. Patent No. 5,523,423 (the "'423 patent"), for a ranitidine hydrochloride product, is invalid and/or not infringed by Novopharm. *Novopharm Ltd. and Novopharm USA, Inc. v. Torpharm, Inc.*, No. 5:97–CV–658–BO(2). On August 22, 1997, Torpharm filed suit against Novopharm in the United States District Court for the Northern District of Illinois, alleging that Novopharm was infringing the '423 patent. *Torpharm, Inc. v. Novopharm Ltd., Novopharm USA, Inc., and Granutec, Inc.*, No. 97 C 5977. On Novopharm's motion, Torpharm's suit was transferred to this Court and designated Civil Action No. 5:97–CV–968–BO(3). This action was subsequently consolidated with the earlier declaratory judgment action.

## DISCUSSION

### A. Withdrawal of Admissions

■ Torpharm served its second set of requests for admission to Novopharm on March 3, 1998, requesting admissions on the bulk density of Form 1 ranitidine hydrochloride shipped to Novopharm. Rule 36 of the Federal Rules of Civil Procedure required Novopharm to respond to those requests by April 3, 1998. On April 15, 1998, Torpharm advised Novopharm that answers to its requests for admission had not been received and, therefore, the subject matter of these requests had been admitted. Novopharm

then served its responses to these requests, twelve days after the April 3 deadline.

Novopharm moves unopposed to this Court to allow withdrawal of its unintentional admissions to Torpharm's second set of requests for admissions and to substitute the responses served on April 15, 1998. Novopharm submits that the delay in responding to these requests was the result of a docketing error. Upon being notified by Torpharm of its failure to respond to the requests, Novopharm quickly responded.

For good cause shown, and finding no prejudice to Torpharm resulted from Novopharm's delay in responding to the second set of requests for admission, the Court will grant Novopharm's motion and allow Novopharm to substitute its responses filed on April 15, 1998.

### B. Bifurcation

■ With its instant motion, Novopharm seeks to bifurcate discovery and trial on the issues of (1) validity and infringement from the issues of (2) damages and willful infringement. Rule 42(b) of the Federal Rules of Civil Procedure allows this Court to bifurcate trial if such an action would be "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." The party seeking bifurcation has the burden of demonstrating that judicial economy would be served and that no party would be prejudiced by separate trials. *Princeton Biochemicals, Inc. v. Beckman Instruments, Inc.*, 180 F.R.D. 254, 256 (D.N.J.1997). A decision on bifurcation must be based on the circumstances of the individual case at issue, and is left to the discretion of the district court. *Gardco Mfg., Inc. v. Herst Lighting Co.*, 820 F.2d 1209, 1212 (Fed.Cir.1987).

#### 1. Bifurcation of Damages and Liability.

■ Patent cases are often uniquely amenable to bifurcation because of the complex nature of the damages determination and the extensive discovery that is often necessary to prove the nature and extent of those damages. *See Eaton Corp. v. Auburn Gear Inc.*, 8 U.S.P.Q.2d 1373, 1375, 1988 WL 273448 (N.D.Ind.1988). In addition to the complexi-

ty of patent cases, the concerns of prejudice, expedition and judicial economy are present in such suits:

> In the normal case separate trial of issues is seldom required, but in a patent infringement suit considerations exist which suggest that efficient judicial administration would be served by separate trials on the issues of liability and damages. The trial of the damages question in such a suit is often difficult and expensive, while being easily severed from the trial of the questions of validity and infringement of the patent. A preliminary finding on the question of liability may well make unnecessary the damages inquiry, and thus result in substantial saving of time of the Court and counsel and reduction of expense to the parties. Moreover, separate trial of the issue of liability may present counsel the opportunity to obtain final settlement of that issue or appeal without having reached the often time-consuming and difficult damages question.

*Smith v. Alyeska Pipeline Serv. Co.*, 538 F.Supp. 977, 982–83 (D.Del.1982), *aff'd*, 758 F.2d 668 (Fed.Cir.1984), *cert. denied*, 471 U.S. 1066, 105 S.Ct. 2142, 85 L.Ed.2d 499 (1985) (quotations omitted).

■ In the instant matter, much of the work going into preparation of the case for trial could be avoided if the jury finds for the accused infringer, Novopharm, at the liability stage. *See Industrias Metalicas Marva, Inc. v. Lausell*, 172 F.R.D. 1, 5–6 (D.P.R. 1997). Consideration of the damages from any liability the jury finds could be complex, involved, and time-consuming. Damages may involve measures of reasonable loyalty, which would require a jury to assess factors such as the nature and scope of a license that would have been granted to a hypothetical licensee and the business risks faced by the hypothetical licensee at the time the alleged infringement began. *See Unisplay, S.A. v. American Elec. Sign Co.*, 69 F.3d 512, 517 (Fed.Cir.1995). Other measures of damages could include lost profits, which would require the analysis of evidence establishing that "but for" the alleged infringement of the '423 patent, Torpharm would have made some or all of the sales Novopharm made.

*See Bio–Rad Labs, Inc. v. Nicolet Instrument Corp.*, 739 F.2d 604, 616 (Fed.Cir.1984). Such evidence would include a demonstration of (1) the demand for Torpharm's products; (2) the ability to meet market demand; (3) the absence of non-infringing ˙substitutes; and (4) the amount of profit Torpharm would have made on those lost sales. *See Beatrice Foods Co. v. New England Printing & Lithographing Co.*, 899 F.2d 1171, 1173 (Fed.Cir. 1990). As the foregoing illustrates, litigating the complex damages issues would place a heavy burden on Novopharm to produce voluminous documents. That the production and synthesis of these materials may ultimately become unnecessary militates in favor of bifurcating the trial of this suit.

### 2. Willfulness.

■ Torpharm argues that, if the trial is bifurcated to separate liability issues from damages issues, the issue of the willfulness of Novopharm's alleged infringement should be tried during the liability phase of the trial. A finding of willfulness may lead to an enhancement of damages under 35 U.S.C. § 284. Courts have divided over whether the issue of willful infringement belongs in ·the damages phase of a bifurcated trial.

Where a defendant, as here, is charged with willful infringement, the accused infringer can assert that he relied upon the advice of counsel as a defense. To do so, though, the accused would have to waive his attorney-client privilege, which courts are reluctant to make defendants do. *See Princeton Biochemicals*, 180 F.R.D. at 260 n. 6. The Federal Circuit stated the dilemma in *Quantum Corp. v. Tandon Corp.*, 940 F.2d 642, 643–44 (Fed.Cir.1991).

> An accused infringer … should not, without the trial court's careful consideration, be forced to choose between waiving the privilege in order to protect itself from a willfulness finding, in which case it may risk prejudicing itself on the question of liability, and maintaining the privilege, in which case it may risk being found to be a willful infringer if liability is found. Trial courts thus should give serious consideration to a separate trial on willfulness whenever the particular attorney-client

communications, once inspected by the court, *in camera*, reveal that the defendant is indeed confronted with this dilemma. Delaying an adjudication on willfulness, even absent a specific showing of a threat to the attorney-client privilege, avoids "even the possibility of prejudice to a patent defendant's litigation rights." *Princeton Biochemicals*, 180 F.R.D. at 258. Thus, like the court in *Princeton Biochemicals*, this Court finds that, "[h]aving already determined that the instant case should be bifurcated, and thereby finding that there is no significant overlap between issues of liability for patent infringement and willfulness, the issues pertaining to willful infringement are logically reserved for adjudication after liability has been determined. Consequently, this Court need not decide whether there is a *Quantum* dilemma." 180 F.R.D. at 260. The Court therefore finds that the issue of willful infringement should be tried during the damages stage of this matter.

### 3. Discovery.

One of the purposes of bifurcation under Rule 42(b) is to defer costly discovery and trial preparation costs pending the resolution of preliminary liability issues. *See Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 587 F.Supp. 1112, 1117 (D.Del.1984). When it is appropriate to sever the damages and willfulness issues from the trial of the merits of the liability case, discovery on those issues may also be stayed. *See Haworth, Inc. v. Herman Miller Inc.*, 32 U.S.P.Q.2d 1365, 1367, 1993 WL 761974 (W.D.Mich.1993). As the court in *Industrias Metalicas Marva* observed, simplification of discovery is the "major benefit" of bifurcation. 172 F.R.D. at 4.

Torpharm argues, however, that factual discovery regarding Novopharm's commercial success should not be stayed because a stay would deprive Torpharm of evidence needed to refute Novopharm's "obviousness" defense under 35 U.S.C. § 103. As a counter to this defense, the commercial success of Novopharm's Form 1 ranitidine hydrochloride made, used, sold, or offered for sale is an objective factor which supports the nonobviousness of the subject matter claimed in the '423 patent. Novopharm has agreed, however, to provide basic financial information regarding sales of its ranitidine hydrochloride product. The *Princeton Biochemicals* court noted that disclosure of basic financial information such as quantities sold and gross revenues is sufficient to support a plaintiff's commercial success inquiry. 180 F.R.D. at 259. Factual damages discovery is thus not needed at this stage of the proceedings to allow Torpharm to defend Novopharm's allegation that the '423 patent is invalid under 35 U.S.C. § 103.

### CONCLUSION

For the reasons stated above, Novopharm's motion for bifurcation is GRANTED in full. As described above, the liability issues of infringement and liability will be tried first. A separate trial on damages and willfulness will follow if Torpharm proves liability. Factual discovery on damages and willfulness is ORDERED to be stayed, and the Novopharm parties are ORDERED to provide the basic commercial information regarding the sales of ranitidine hydrochloride. The Court also GRANTS Novopharm's motion under Rule 36(b) to withdraw its unintentional admissions of Torpharm's second set of requests for admission and to substitute the responses Novopharm filed on April 15, 1998.

SO ORDERED.